### CLEVELAND AUTO BODY CO. v. FRANK

Ohio Appeals 8th Dist., Cuyahoga Co.
No. 7311. Decided Dec. 13, 1926

**915. PERSONAL INJURIES—**Where president of corporation, who is also a workman, is injured by reason of a board striking him while sawing it at a rip saw, he having refused to make use of a guard on said saw, judgment in favor of said president for damages sustained by reason of injuries, reversed as being contrary to law.

First Publication of this Opinion

VICKERY, J.

John Frank brought an action in the Cuyahoga Common Pleas against the Cleveland Commercial Auto Body Co. seeking to recover damages for personal injuries resulting to him from an accident while he was employed, as he claims, as a workman in the shop of said company.

Frank and others carried on the business for which the company was formed, and they were officers and stockholders at the same time. This group of men agreed among themselves that each was to receive $35.00 per week and in case one of them was injured, expense of doctor's bills, etc., should be borne by the corporation. In addition, the injured person should receive $15.00 per week while incapacitated.

Frank was president of the corporation at the time he was injured, he was engaged in sawing some strips of wood on a rip saw. Frank had refused to make use of the guard provided with the saw, and when bringing the board back over the saw, it caught in the teeth, causing it to be thrown forward and striking Frank in the abdomen, resulting in hernia.

Subsequently Frank transferred his interest by selling his stock and brought his action to recover damages. The jury awarded him a verdict of $2500. Error proceedings were prosecuted to reverse the judgment entered on the verdict. The Court of Appeals held:

1. If the men are treated as officers and eliminated as such, they did not employ three or more workmen. If there are treated as workmen, they would be within the Workmen's Compensation; but not having complied with the Compensation Act, they subjected themselves to being sued by a workman who injured, and whether that was broad enough to include the president of the corporation who was working as a workman, is still unsettled in this State.

2. A New York case holds that where an officer of a corporation is employed as a workman and receives a salary aside from his position as president, he may be regarded as a workman within the compensation law and entitled to receive compensation.

3. Frank, being eligible to draw compensation as a workman, even though he was president of the Company, had the right to maintain the suit for damages, received by him, in an action at law.

4. Frank, as the executive officer, was bound to see that the machinery was properly equipped with such things as the statute con-

templated to protect the workmen from hazards of dangerous machinery in the shop.

5. The president, thus working at a machine which he himself made adngerous by rc·fusing his orders and duties as an executive officer, it would seem that it were almost contrary to public policy to permit him to recover in such a case.

6. The agreement for compensation was freely entered into between the men in the Company and Frank had received his compensation in accordance with the agreement.

7. To permit Frank to recover under the record in this case is wrong and the judgment of the lower court was wrong as being contrary to law.

Judgment reversed.

(Levine, PJ., and Sullivan, J., concur.)

Attorneys—O. F. Goudy and Lex Kintner for Company; Preusser & Morris for Frank; all of Cleveland.

Note—OS. Pend. opinion in 5 Abs. 75; moto certify overruled; Feb. 1, 1927, 5 Abs. 74.